UNITED STATES DISTRICT COURT
for the
Middle District of Florida – Tampa Division

| | |
|---|---|
| DE'MARIO JIVES<br>*Plaintiff,*<br><br>-v-<br><br>BISHOP WAYNE R. FELTON, THE HOLY CHRISTIAN CHURCH INTERNATIONAL, DARRYL MOORE, JOHN TYRONE JOHNSON and JOHN DOES 1–5,<br>*Defendants.* | Case No.: 8:26-cv-2193-JLB-AEP |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff De'Mario Jives ("Plaintiff"), by and through undersigned counsel, respectfully submits this Response in Opposition to Defendants Bishop Wayne R. Felton and The Holy Christian Church International's Motion to Dismiss (Doc. 16).

## INTRODUCTION

Defendants' Motion seeks dismissal of the Complaint in its entirety by collapsing distinct claims, different factual allegations, and different points in time into a single theory concerning Plaintiff's bankruptcy filing. Although Defendants correctly recite the general rule that certain pre-petition causes of action may become property of a bankruptcy estate, that principle does not

establish that every claim asserted in this action belongs to the bankruptcy estate, nor does it account for the Complaint's specific allegations concerning Defendants' conduct occurring after Plaintiff filed for bankruptcy.

The Complaint alleges a continuing course of conduct that includes multiple acts occurring after the commencement of Plaintiff's Chapter 7 case, including post-petition litigation activity, efforts to obtain Plaintiff's financial and personal records, filings and representations made in connection with the bankruptcy proceeding, and other conduct alleged to have caused Plaintiff independent injury. Defendants do not undertake the claim-by-claim analysis necessary to establish that each of these claims accrued before bankruptcy, became property of the estate, and is therefore subject to dismissal for failure to prosecute in the name of the real party in interest.

Nor does the Motion establish that the individual arguments directed to the ten counts warrant dismissal at the pleading stage. Several of Defendants' arguments depend upon factual characterizations that cannot be resolved against Plaintiff on a motion to dismiss, while others improperly seek to impose limitations on Plaintiff's claims that are not supported by the allegations of the Complaint or the authorities cited by Defendants.

At this stage, the Court must accept the well-pleaded factual allegations as true and draw reasonable inferences in Plaintiff's favor. The Complaint alleges specific conduct by Defendants, identifies the legal theories arising

from that conduct, and sets forth factual allegations sufficient to permit those claims to proceed to discovery. Defendants' disagreements with Plaintiff's theories, defenses based upon privilege or statutory interpretation, and factual disputes concerning the scope and effect of Defendants' conduct do not provide a basis for wholesale dismissal of the action.

Accordingly, and for the reasons set forth below, the Motion should be denied.

## LEGAL STANDARD

A Rule 12(b)(6) motion tests only the legal sufficiency of the complaint. A claim survives dismissal when the well-pleaded factual allegations, accepted as true, state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At this stage, the Court must accept factual allegations as true and draw all reasonable inferences in Plaintiff's favor. *Persaud Props. FL Invs., LLC v. Town of Fort Myers Beach*, 593 F. Supp. 3d 1129, 1136 (M.D. Fla. 2022). Legal conclusions, however, are not entitled to that presumption. *Iqbal*, 556 U.S. at 678–79.

Where a defendant raises Rule 12(b)(1), a facial challenge requires the Court to accept the jurisdictional allegations as true, while a factual challenge permits consideration of matters outside the pleadings. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

Defendants' bankruptcy argument also implicates the distinction between Article III standing and the separate Rule 17(a) question of whether a bankruptcy trustee is the real party in interest for a particular pre-petition claim. *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004). That principle does not apply to claims arising from post-petition conduct, nor does it relieve Defendants of showing that any specific claim in this action belonged to the estate as of the petition date.

Finally, Rule 8 requires only a "short and plain statement" showing entitlement to relief. Plaintiff need not prove his claims or anticipate defenses at the pleading stage. The question is simply whether the Complaint, taken as true, plausibly alleges claims for relief.

## ARGUMENT

### A. Defendants Have Not Established That Plaintiff Is Not the Real Party in Interest as to the Claims Asserted.

Defendants rely on *Parker v. Wendy's International, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004), for the rule that pre-petition causes of action become property of the bankruptcy estate. But that rule does not establish that every claim in this action belongs to the estate. Section 541(a)(1) reaches interests existing "as of the commencement of the case," and *In re: Witko v. Menotte*, 374 F.3d 1040, 1042–44 (11th Cir. 2004), confirms that a cause of action arising

only after the petition is not estate property. The Complaint alleges substantial post-petition conduct - including June 2026 enforcement activity, efforts to obtain Plaintiff's Florida financial records, and conduct within the bankruptcy case - that supplies independent bases for liability. Compl. ¶¶23–30, 68–70.

Defendants also rely on Plaintiff's amended bankruptcy schedules, which allegedly stated that Plaintiff had no claims against third parties. But even accepting that representation for purposes of the Motion, it does not establish when each claim pleaded here accrued or convert post-petition claims into estate property. The Eleventh Circuit recognizes that documents properly considered at the pleading stage may control over general or conclusory allegations when they directly contradict them, but that principle does not eliminate the underlying inquiry into when a particular cause of action accrued. See *Gill v. Judd*, 941 F.3d 504, 514 (11th Cir. 2019); *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009).

Nor have Defendants performed the necessary claim-by-claim analysis. They instead characterize the Complaint as "substantially" pre-petition and seek dismissal of all ten counts. At minimum, the Complaint alleges post-petition conduct and injuries that cannot be resolved through a generalized real-party-in-interest objection. See *Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003).

Finally, even if the Court concludes that any particular claim belongs to

the bankruptcy estate, Rule 17(a)(3) provides that the action may not be dismissed on that ground until a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted. Fed. R. Civ. P. 17(a)(3). Accordingly, Defendants' bankruptcy argument does not warrant wholesale dismissal of the Complaint. Any real-party-in-interest issue must be addressed claim by claim, with the procedural protection afforded by Rule 17(a)(3).

**B. Defendants' Challenge to Count I Improperly Resolves Factual and Legal Issues Against Plaintiff at the Pleading Stage.**

Defendants contend that Count I fails because Plaintiff has not alleged a qualifying class or sufficient governmental involvement under 42 U.S.C. § 1985(3). Plaintiff recognizes that *United Brotherhood of Carpenters & Joiners of America v. Scott*, 463 U.S. 825, 831–35 (1983), requires state involvement where the conspiracy is directed at First Amendment rights and requires some racial or otherwise class-based, invidiously discriminatory animus. The Complaint alleges both: Defendants allegedly targeted Plaintiff because of his reporting and expressive activities and repeatedly sought governmental and judicial intervention to restrict those activities. Compl. ¶¶19–30, 42–47.

The Complaint further alleges that Defendants acted pursuant to a coordinated effort directed at Plaintiff's exercise of protected expressive activity, including efforts to suppress reporting, compel deletion or restriction

of speech, obtain Plaintiff's personal and financial information, and invoke judicial authority against him. Compl. ¶¶23–30, 42–47. Whether those allegations ultimately establish the demanding requirements of § 1985(3) is distinct from whether Plaintiff should be denied an opportunity to amend if the Court concludes that additional facts are required.

Defendants' reliance on *Griffin v. Breckenridge*, 403 U.S. 88, 101–03 (1971), does not eliminate that opportunity. *Griffin* establishes the class-based-animus requirement; it does not require dismissal where a plaintiff can cure a pleading deficiency by alleging additional facts concerning the targeted class, discriminatory purpose, or governmental involvement. To the extent the Court finds Count I insufficiently specific under *Scott*, Plaintiff respectfully requests leave to amend under Rule 15 rather than dismissal with prejudice.

Accordingly, Count I should not be dismissed with prejudice at the pleading stage. At minimum, Plaintiff should be permitted to amend to allege additional facts supporting the asserted conspiracy, the basis for the alleged discriminatory targeting, and the governmental involvement or intended governmental influence underlying the claim.

**C. Count II Should Not Be Dismissed With Prejudice for Failure to Plead State Action.**

Defendants contend that Count II fails because they are private parties

and the Complaint does not adequately allege action under color of state law. Plaintiff recognizes that private parties do not become state actors merely by resorting to the courts. See *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992); *Cobb v. Georgia Power Co.*, 757 F.2d 1248, 1251–52 (11th Cir. 1985). But private conduct may constitute state action where private parties are willful participants in joint action with state officials. *Dennis v. Sparks*, 449 U.S. 24, 27–29 (1980); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982).

The Complaint alleges that Defendants repeatedly sought governmental intervention against Plaintiff, including through enforcement proceedings, requests for judicial restrictions on Plaintiff's speech, and efforts to obtain Plaintiff's financial and personal records. Compl. ¶¶23–30, 42–45, 51–52. Plaintiff alleges that Defendants did so as part of a coordinated effort to restrain his protected activity and cause governmental power to be exercised against him. Id. ¶¶26, 51–52. Those allegations provide the factual basis for Plaintiff's asserted joint-action theory, rather than relying solely on the fact that Defendants participated in litigation.

To the extent the Court concludes that the Complaint does not allege sufficient operative facts identifying a state actor or joint participation with one, the appropriate remedy is leave to amend. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984), recognizes that private parties may be subject to § 1983 where a state official is a joint participant, while also requiring more than

a conclusory assertion of conspiracy. Plaintiff therefore respectfully requests an opportunity to identify and plead additional facts concerning the governmental actors, proceedings, and joint conduct underlying the claim.

Accordingly, Count II should not be dismissed with prejudice. If the Court finds the present allegations insufficient to establish state action, Plaintiff requests leave to amend rather than dismissal with prejudice.

**D. Count III Adequately Pleads Willful Violations of the Automatic Stay.**

**1. The Complaint Adequately Alleges Knowledge and Willfulness.**

The Complaint alleges that Defendants received notice of the bankruptcy through their own filings and Plaintiff's communications. Compl. ¶ 59. It further alleges that Defendants intentionally undertook the acts described in ¶ 60 and did so for the purpose of coercing, punishing, or financially harming Plaintiff while under bankruptcy protection. Id. ¶ 62.

The Eleventh Circuit has held that a violation of the automatic stay is willful when the defendant knew the stay was in effect and intentionally committed the act that violated the stay; specific intent to violate the stay is not required. *In re Jove Engineering, Inc.*, 92 F.3d 1539, 1555 (11th Cir. 1996). Plaintiff alleges both components here: Defendants knew of the bankruptcy and resulting stay, yet intentionally undertook the acts identified in the

Complaint. Compl. ¶¶ 59–62. Those allegations are sufficient to plead willfulness at this stage.

**2. Defendants' Property-of-the-Estate Argument Does Not Defeat Count III.**

Defendants argue that § 362(a)(3) applies only to property of the estate. But Count III alleges violations of § 362(a)(1), (a)(3), and (a)(6). Compl. ¶ 61. Even if a particular act does not implicate § 362(a)(3), that would not dispose of allegations that Defendants continued proceedings or sought to collect or enforce pre-petition obligations in violation of § 362(a)(1) or (a)(6). Defendants therefore cannot defeat Count III merely by addressing one subsection of the stay.

**3. Defendants' Challenge to the Alleged Bankruptcy-Court Conduct Does Not Dispose of Count III.**

Defendants characterize the challenged bankruptcy filings as permissible participation in the bankruptcy case. But Plaintiff alleges more than mere participation. He alleges post-petition efforts to assert, enforce, or collect alleged obligations, together with efforts to obtain financial information and otherwise pursue Plaintiff while the automatic stay was in effect. Compl. ¶¶ 30, 60–63. Whether the particular acts alleged fall within the protections of

§ 362(a) depends on the nature and purpose of those acts and should not be resolved by treating all of Defendants' post-petition conduct as permissible bankruptcy participation.

**4. The Complaint Sufficiently Alleges Damages.**

The Complaint alleges financial loss, emotional distress, disruption of the bankruptcy proceedings, interference with estate administration, and litigation-related expenses. Compl. ¶ 63. Plaintiff need not prove those damages at the pleading stage. In particular, the alleged financial injuries independently support a claim for actual damages under § 362(k), while the sufficiency and extent of any emotional-distress damages may be addressed on a developed factual record. See *Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1271 (11th Cir. 2014).

**E. Count IV Adequately Pleads Abuse of Process.**

Florida law requires a plaintiff to allege: (1) an ulterior purpose or motive in using the process, and (2) an act in the use of process that is improper and not authorized by the process itself. *Peckins v. Kaye*, 443 So. 2d 1025, 1026 (Fla. 3d DCA 1983). Count IV satisfies those requirements.

The Complaint alleges that Defendants used judicial process not merely to obtain the relief for which the process was issued, but to pursue collateral

objectives including coercing Plaintiff, restricting his speech, obtaining personal and financial information, and imposing additional pressure after the underlying proceedings had become disputed or ineffective. Compl. ¶¶66–70. It specifically identifies enforcement motions, sanctions-related efforts, subpoenas, and subsequent uses of that process. Id. ¶68. Those allegations go beyond the mere filing of a lawsuit and plausibly allege an improper use of process for purposes collateral to the proceeding itself.

Defendants' reliance on litigation privilege does not warrant dismissal at this stage. Plaintiff does not base Count IV solely on statements made in pleadings; he alleges the misuse of judicial process and specific acts undertaken through that process for collateral purposes. Whether particular conduct falls within the privilege therefore depends on the nature and context of the acts alleged and cannot be resolved by characterizing the entire course of conduct as privileged.

At minimum, the Complaint alleges sufficient facts to permit discovery concerning the purpose for which the identified process was used and the acts undertaken pursuant to it. Count IV therefore should not be dismissed.

**F. Count V Adequately Pleads Tortious Interference with Business Relationships.**

Defendants argue that Count V fails because Plaintiff does not identify

specific business relationships or adequately allege interference or causation. The Complaint adequately pleads each required element.

Under Florida law, tortious interference requires: (1) the existence of a business relationship; (2) Defendants' knowledge of that relationship; (3) intentional and unjustified interference; and (4) resulting damages. *Castelli v. Select Auto Mgmt., Inc.*, 63 So. 3d 52, 53 (Fla. 2d DCA 2011).

The Complaint alleges that Plaintiff, through DeMajio Media LLC, maintained ongoing commercial relationships with viewers, subscribers, advertisers, sponsors, and online platforms that generated revenue and professional opportunities. Compl. ¶ 72. It further alleges that Defendants knew of those relationships through their monitoring of Plaintiff's content and repeated references to his platforms and audience. Id. ¶ 73.

The Complaint also identifies specific alleged acts of interference, including enforcement and sanctions filings, efforts to obtain speech-restrictive orders, demands for deletion of content, attempts to obtain Plaintiff's financial records, and false accusations allegedly intended to undermine his professional standing. Id. ¶ 74. Plaintiff alleges that these acts caused financial loss, reduced audience engagement, platform instability, and damage to advertiser and subscriber relationships. Id. ¶ 76.

Defendants' demand that Plaintiff identify every individual viewer, subscriber, advertiser, or platform at the pleading stage improperly converts

the Rule 12 inquiry into an evidentiary one. The Complaint identifies the categories of ongoing commercial relationships at issue, alleges Defendants' knowledge of those relationships, identifies the conduct alleged to have interfered with them, and alleges resulting damages. Whether particular relationships satisfy Florida law and whether Defendants' conduct caused the claimed losses are matters that can be developed through discovery and resolved on a developed factual record.

Accordingly, Count V sufficiently alleges tortious interference with business relationships and should not be dismissed.

**G. Count VI Adequately Pleads Intentional Infliction of Emotional Distress (IIED).**

Defendants argue that Count VI merely repackages other claims and fails to allege extreme and outrageous conduct. The Complaint, however, alleges a prolonged and coordinated course of conduct that must be considered in its entirety.

Under Florida law, IIED requires intentional or reckless conduct that is extreme and outrageous and causes severe emotional distress. *Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278–79 (Fla. 1985). Whether alleged conduct is sufficiently outrageous depends on the circumstances. *Malverty v. Equifax Info. Servs., LLC*, 407 F. Supp. 3d 1257, 1263 (M.D. Fla. 2019).

The Complaint alleges far more than a single filing or ordinary litigation dispute. Plaintiff alleges repeated enforcement efforts, demands concerning his publications, efforts to restrict or suppress his reporting, attempts to obtain private financial information, monitoring of his online activity, and other conduct allegedly undertaken to intimidate, silence, and financially and professionally harm him. Compl. ¶¶77–82. He further alleges that Defendants acted intentionally or recklessly and that their conduct caused anxiety, fear, humiliation, loss of sleep, and substantial emotional suffering. Id.

Defendants' litigation-privilege argument does not eliminate Count VI because the Complaint does not base the claim exclusively on conduct occurring within judicial proceedings. It also alleges demands concerning Plaintiff's publications, monitoring of his online activity, and efforts to obtain private information outside the judicial process. The Florida Supreme Court recognizes absolute litigation immunity for acts occurring during a judicial proceeding only where the acts bear some relation to that proceeding. *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007); see also *Grippa v. Rubin*, 133 F.4th 1186, 1194–97 (11th Cir. 2025) (applying Florida law and distinguishing conduct occurring outside the judicial process).

Thus, to the extent particular acts are protected by the litigation privilege, those acts can be evaluated individually; the privilege does not

establish that every act alleged in Count VI occurred within a judicial proceeding. The Complaint alleges a broader course of conduct, including nonjudicial acts, that allegedly caused severe emotional distress.

Count VI adequately alleges intentional or reckless conduct, circumstances that may satisfy the extreme-and-outrageous standard, and severe emotional distress. At minimum, dismissal of the entire count based on the litigation privilege is unwarranted where the Complaint alleges conduct outside the judicial process.

**H. Count VII Should Not Be Dismissed With Prejudice.**

Defendants argue that Count VII fails because Fla. Stat. § 784.048 does not create a private civil cause of action for cyberstalking and that any claim under § 784.0485 must be pursued in Florida circuit court. Even if the Court concludes that the statutory provisions cited in Count VII do not provide the pleaded federal remedy, dismissal with prejudice is unwarranted because the Complaint alleges detailed electronic conduct that may support an amended civil theory.

The Complaint alleges a sustained pattern of electronic harassment, including repeated electronic communications, online monitoring, digital surveillance, transmission of enforcement demands, efforts to obtain Plaintiff's financial and account information, and coordination with others concerning

Plaintiff's online activity. Compl. ¶¶83–88. It further alleges that this conduct occurred over an extended period, served no legitimate purpose, and was undertaken to harass, intimidate, silence, and retaliate against Plaintiff. Id. ¶¶84–87. These allegations provide substantially more factual detail than a bare assertion of cyberstalking.

If § 784.048 does not provide a private cause of action for damages, that conclusion concerns the legal theory pleaded in Count VII, not the underlying factual allegations. Plaintiff has identified the electronic conduct, its repeated nature, its alleged purpose, and resulting harm. Those facts may support an alternative civil theory if the Court determines that the statutory cause of action presently pleaded is unavailable.

Defendants' reliance on § 784.0485 and *Harvick v. Oak Hammock Preservation Community Owners Ass'n*, 2015 WL 667984 (M.D. Fla. Feb. 17, 2015), likewise does not establish that amendment would be futile. At most, those authorities address the availability and procedural vehicle for the statutory relief invoked by Plaintiff. They do not establish that the factual allegations concerning Defendants' alleged electronic conduct are incapable of supporting any cognizable civil claim.

Therefore, if the Court determines that Count VII, as presently framed, does not state an independent statutory cause of action, Plaintiff respectfully requests dismissal without prejudice and leave to amend under Rule 15. The

Complaint already provides detailed factual allegations concerning the conduct at issue, and dismissal with prejudice would be unwarranted absent a determination that amendment would be futile.

**I. Count VIII Adequately Pleads Defamation.**

Defendants argue that Count VIII fails because the Complaint does not identify the defamatory statements with sufficient specificity and does not distinguish privileged litigation communications from non-privileged publications. The Complaint, however, identifies the substance of the alleged statements, their alleged falsity, their publication, and the resulting harm.

Under Florida law, defamation requires: (1) publication of a false statement of fact; (2) fault amounting at least to negligence; and (3) resulting damages. *Turner v. Wells*, 879 F.3d 1254, 1262–63 (11th Cir. 2018). The Complaint alleges that Defendants made false factual statements about Plaintiff, including accusations that he engaged in ongoing defamation and wrongdoing, violated the Minnesota settlement agreement through content that did not reference Defendants, and engaged in unlawful or unethical conduct as a journalist. Compl. ¶ 90. It further alleges that these statements were presented as factual assertions capable of being proven true or false, rather than protected opinion. Id. ¶ 91.

The Complaint also alleges publication to third parties, including church

members, associates, online audiences, and individuals involved in preparing enforcement submissions. Compl. ¶ 92. It alleges that Defendants knew the statements were false or acted with reckless disregard for their truth and that Plaintiff suffered reputational and other damages as a result. Id. ¶¶93–95. These allegations provide the factual basis for the claim rather than merely reciting its legal elements.

Defendants' demand for greater specificity does not warrant dismissal with prejudice. The Complaint identifies the substance and context of the alleged statements and permits Defendants to understand the conduct challenged. To the extent the Court determines that particular statements, speakers, recipients, or publication dates must be identified with greater precision, that deficiency can be addressed through amendment rather than dismissal with prejudice.

Nor does the litigation privilege establish dismissal of the entire count. The Complaint expressly alleges that the defamatory statements included publications occurring outside privileged litigation contexts. Compl. ¶ 90. To the extent Defendants identify particular statements made during a judicial proceeding, their privilege argument can be evaluated as to those statements; it does not establish on the face of the Complaint that every alleged publication was privileged.

Consequently, Count VIII adequately states a defamation claim.

Alternatively, if the Court determines that greater specificity is required as to any particular publication, Plaintiff respectfully requests leave to amend rather than dismissal with prejudice.

**J. Count IX Adequately Pleads Civil Conspiracy (Florida Law)**

Defendants argue that Count IX fails because the underlying torts are deficient and because the Complaint does not adequately allege an agreement or concerted action. The Complaint adequately alleges both.

Florida law requires: "(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff." *Raimi v. Furlong*, 702 So. 2d 1273, 1284 (Fla. 3d DCA 1997); *Charles v. Fla. Foreclosure Placement Ctr., LLC*, 988 So. 2d 1157, 1159–60 (Fla. 3d DCA 2008). A conspiracy also requires an actionable underlying wrong. *Raimi*, 702 So. 2d at 1284.

The Complaint alleges a coordinated agreement among Bishop Felton, the Church, Moore, Johnson, and John Does 1–5 to suppress Plaintiff's reporting, retaliate against his expressive activity, and damage his business and reputation. Compl. ¶¶33–36, 97–101. It identifies overt acts allegedly undertaken in furtherance of that agreement, including enforcement filings, demands concerning Plaintiff's content, efforts to obtain his financial records, dissemination of false statements, monitoring of his online activity, and alleged

misuse of judicial process. Id. ¶¶98–100. These allegations identify the participants, objective, alleged means, and acts supporting the claimed conspiracy.

Nor must each conspirator personally perform every overt act. *Charles*, 988 So. 2d at 1160; *MP, LLC v. Sterling Holding, LLC*, 231 So. 3d 517, 522 (Fla. 3d DCA 2017). The Complaint alleges actionable underlying torts, including abuse of process, tortious interference, defamation, and IIED. Compl. ¶¶97–101. At the pleading stage, those allegations are sufficient to state the conspiracy claim.

The litigation privilege does not establish dismissal of the entire Count on the face of the Complaint. Florida recognizes that the privilege may extend to civil-conspiracy claims based on conduct occurring during judicial proceedings. *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007). But the Complaint alleges coordinated conduct extending beyond the judicial proceedings, including monitoring of Plaintiff's online activity, dissemination of statements, efforts to obtain private financial information, and other acts alleged to have occurred outside the litigation itself. Compl. ¶¶31–36, 98–100. Thus, the privilege does not establish that every alleged act underlying the conspiracy was protected.

Thus, Count IX adequately alleges an agreement, unlawful objective, overt acts, actionable underlying wrongs, and resulting damages. Count IX

should not be dismissed.

**K. Count X States a Viable Claim for Relief Under Florida's Anti-SLAPP Statute**

Defendants argue that Count X fails because their conduct constitutes protected petitioning activity and Plaintiff has not alleged conduct within the scope of Fla. Stat. § 768.295. The statute prohibits filing a lawsuit, cause of action, claim, cross-claim, or counterclaim "without merit" and "primarily because" the opposing party exercised the constitutional right of free speech in connection with a public issue. § 768.295(3).

The Florida Supreme Court has recognized that § 768.295 provides an expedited mechanism for addressing claims brought in violation of Florida's Anti-SLAPP policy. *Vericker v. Powell*, 406 So. 3d 939, 944–48 (Fla. 2025). Florida appellate courts likewise recognize that the statute protects persons from meritless litigation targeting protected activity. *WPB Residents for Integrity in Gov't, Inc. v. Materio*, 284 So. 3d 555, 558–59 (Fla. 4th DCA 2019); *McQueen v. Baskin*, 377 So. 3d 170, 175–76 (Fla. 2d DCA 2023).

The Complaint alleges that Defendants repeatedly pursued enforcement motions, sanctions requests, and demands concerning Plaintiff's reporting and expressive activity, including proceedings after the Minnesota court expressly disclaimed jurisdiction. Compl. ¶¶19–30, 97–101. It further alleges that

Defendants' conduct was undertaken because of Plaintiff's reporting on matters of public concern and was intended to intimidate him, restrict his reporting, and chill his protected speech. Id. ¶¶1–4, 27–30, 97–101.

Defendants' characterization of their conduct as protected petitioning does not resolve the issue. Section 768.295 protects the exercise of constitutional rights identified in the statute, but it does not protect a lawsuit that is both without merit and brought primarily because the opposing party exercised protected constitutional rights. See § 768.295(3); *Vericker*, 406 So. 3d at 944–48.

At this stage, Plaintiff has alleged facts sufficient to invoke the statutory protection and to permit the Court to evaluate whether Defendants' challenged conduct was meritless and primarily motivated by Plaintiff's protected reporting. Defendants' competing characterization of the purpose and merit of their conduct does not warrant dismissal of Count X with prejudice.

Accordingly, Count X should not be dismissed. Alternatively, if the Court determines that additional factual detail is required to state the statutory theory with greater specificity, Plaintiff respectfully requests leave to amend rather than dismissal with prejudice.

## **CONCLUSION**

Defendants' Motion to Dismiss seeks wholesale dismissal of ten distinct causes of action by collapsing factual allegations, resolving disputes against

Plaintiff, and imposing evidentiary burdens inappropriate at the Rule 12 stage. The Complaint alleges detailed conduct, identifies specific legal theories, and pleads facts sufficient to state claims under federal and Florida law.

For the reasons set forth above, the Motion should be denied in its entirety. Alternatively, if the Court identifies any pleading deficiency in any count, Plaintiff respectfully requests leave to amend under Rule 15(a)(2).

Respectfully Submitted,

Dated: September 26, 2026

**LLG NATIONAL LAW GROUP**

Robert S. Mactavish
Florida Bar Number 0596388
Phoenix Corporate Tower
3003 N. Central Avenue
Suite 685
Phoenix, AZ 85012
P: 575-517-6542
robert.mactavish@llgnational.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b)(3), this document is being filed electronically and service shall be through the Court's transmission facilities on all persons appearing before this Court.

Robert S. Mactavish